IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOHN L. DAVIS,                                              CV. 09-218-KI

        Petitioner,                AMENDED OPINION AND ORDER

  v.

MARK NOOTH,

        Respondent.

Anthony D. Bornstein
Federal Public Defender's Office
101 SW Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

John R. Kroger
Attorney General
Jacqueline Kamins
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4096

    Attorneys for Respondent

1 - AMENDED OPINION AND ORDER

KING, Judge

Petitioner, an inmate at Snake River Correctional Institution, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition for writ of habeas corpus is denied, and this proceeding is dismissed, with prejudice.

## BACKGROUND

On March 12, 2003, petitioner pled guilty to two counts of Robbery in the Second Degree, two counts of Kidnapping in the Second Degree, and one count of Burglary in the First Degree. All of the charges arose out of an incident on November 13, 2002, when petitioner, and co-defendant Joseph Derschon, robbed the home of Trina Kanewa and Neva Smith. During the course of the robbery, Derschon bound the victims' hands with duct tape, and moved the victims from the kitchen to the bathroom. Resp. Exh. 103 at 2-3 (plea petition); Resp. Exh. 129 at 39-40, 117-18 & 194 (transcript excerpts).

Prior to sentencing, defense counsel submitted to the trial court a petition for leniency, together with letters from petitioner and friends, moving the court to impose a sentence not to exceed 140 months. Resp. Exh. 140. In the petition for leniency, counsel argued that petitioner's involvement in the kidnapping was "very minor", and that petitioner was "in another part of the house, the garage, unaware that Mr. Derschon duct-taped the women and put them into the bathroom." Resp. Exh. 140 at 3.

2 - AMENDED OPINION AND ORDER

The prosecution, in contrast, argued for consecutive sentences as follows:

> Given the fact that both Robberies in the Second Degree convictions stem from different victims, I would urge the Court to impose separate 70 month sentences consecutive to each other. And given the fact that the additional – although I dropped the terrorization language, the fact that *these victims were bound apparently by design, and by the fact that the duct tape had been brought to the scene by the defendants to accomplish that, that demonstrates a separate intent on the part of both defendants to engage in separate serious conduct which, again, justifies consecutive sentences on the Kidnapping charges.*

Resp. Exh. 149 at 9 (emphasis added).

The trial judge agreed with the prosecution, sentencing petitioner to consecutive 70-month sentences on each count of robbery and kidnapping, and a current 36-month sentence for burglary, for a total of 280 months imprisonment. In support of the consecutive sentences, the court opined that the robbery and kidnapping convictions were not merely incidental violations of separate statutory provisions, but instead indicated petitioner's willingness to commit more than one criminal offense. Resp. Exh. 101 at 5.

Petitioner filed a direct appeal, alleging that (1) it was plain error for the trial court to impose consecutive sentences based upon facts not found by a jury; and (2) the trial court erred in imposing consecutive sentences without making *specific* factual findings. The Oregon Court of Appeals affirmed without opinion,

3 - AMENDED OPINION AND ORDER

and the Oregon Supreme Court denied review.  State v. Davis, 201 Or. App. 732, 122 P.3d 143, rev. denied, 339 Or. 609 (2005).

Petitioner subsequently filed a petition for state post-conviction relief raising nine claims for relief, including seven claims of ineffective assistance of counsel.  At the post-conviction proceeding, petitioner testified that he was not involved in the kidnapping because he was in the garage when it occurred.  Resp. Exh. 138 at 10-12, 20 & 23; Resp. Exh. 142 at 18-20, 24, 30-31; see also Resp. Exh. 149 at 3-4.  However, Trial Counsel Robert Manders attested that the duct tape used to bind the victims was provided by petitioner.  Resp. Exh. 139 at 3.

The post-conviction court denied relief as follows:

> Alright I'm denying your petition Mr. Davis.  I just don't think that I've got any legal authority to change a sentence by the trial court.  There was a good leniency memo, I think the memo was well done. * * * Clearly the sentence was more then you had hoped it would be and I think more then your lawyer hoped it would be, but you were told that the possible rang[e] of sentence was [and] you decided to take the plea because trial was a greater risk.  The co-defendant got longer and obviously your sentence is more then you hoped, but legally I don't have any authority to enter post conviction relief.  So this petition is denied, I'll sign the order today.

Resp. Exh. 142 at 33.

Petitioner appealed, raising a single assignment of ineffective assistance of counsel (failure to object to consecutive sentences which lacked sufficient factual basis and/or was imposed without a jury finding).  The Oregon Court of Appeals affirmed

4 - AMENDED OPINION AND ORDER

without opinion, and the Oregon Supreme Court denied review. <u>Davis v. Hill</u>, 221 Or. App. 383, 190 P.3d 495, <u>rev. denied</u>, 345 Or. 317 (2008).

In the instant proceeding, petitioner raises eleven grounds for relief, but addresses only ground for relief five in his supporting memorandum. Respondent argues that all grounds for relief, except ground five, are procedurally defaulted. Additionally, respondent argues that the state courts' rejection of ground for relief five is entitled to deference.

## DISCUSSION

### I.    Procedurally Defaulted Grounds for Relief.

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1); <u>Smith v. Baldwin</u>, 510 F.3d 1127, 1137-38 (9th Cir. 2007); <u>Carter v. Giurbino</u>, 385 F.3d 1194, 1196 (9th Cir. 2004). A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law. <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999); <u>Casey v. Moore</u>, 386 F.3d 896, 916 (9th Cir. 2004). If a petitioner procedurally defaults his federal claims in state court, federal habeas relief is precluded absent a showing of cause and prejudice, or that failure to consider his federal claims will

5 - AMENDED OPINION AND ORDER

result in a fundamental miscarriage of justice. <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991); <u>Smith</u>, 510 F.3d at 1139.

It is undisputed that petitioner procedurally defaulted ground eight because it was not preserved at the trial level and, therefore, not fairly presented on appeal; grounds ten and eleven because they were not raised on direct appeal; and grounds for relief one through four, six, seven and nine because petitioner failed to raise them on appeal from the denial of post-conviction relief. Petitioner has not demonstrated cause and prejudice to excuse his procedural default, nor has he demonstrated that failure to consider the grounds will result in a fundamental miscarriage of justice. Accordingly, habeas relief is precluded as to these grounds.

## II.  **Ground for Relief Five**.

Petitioner alleges that trial counsel was ineffective for failing to object to the imposition of consecutive sentences on the kidnapping counts under O.R.S. 137.123. That statute provides in relevant part:

> (5) The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:
>
>> (a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of

> defendant's willingness to commit more than one criminal offense; or
>
> (b) The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim . . . .

A claim of ineffective assistance of counsel requires petitioner to prove that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Premo v. Moore, 131 S.Ct. 733, 739 (2011); Strickland v. Washington, 466 U.S. 668, 687-88 (1987); see also Cullen v. Pinholster, 131 S.Ct. 1388, 1403 (2011) (noting that habeas review of ineffective assistance claim is "doubly deferential" taking into account the strong presumption of competence under Strickland, and the deferential standard of review under 28 U.S.C. § 2254(d)). The Supreme Court has applied this two-part analysis to ineffective-assistance claims arising out of the plea process. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Premo, 131 S.Ct. at 742.

In the instant proceeding, petitioner relies upon the following argument he raised on appeal from the denial of state post-conviction relief:

///

///

7 - AMENDED OPINION AND ORDER

   The court's stated justification for running the two pair of convictions consecutive to each other was that "there was not merely an incidental violation of the separate statutory provisions in the course of commission of a more serious offense, but rather was an indication of defendant's willingness to commit more than one criminal offense." ORS 137.123(5)(a). There was no factual basis for the sentencing court to have made that finding. The two victims were bound and moved to another room in their residence during the course of and in furtherance of the robbery. The acts of "kidnapping" and "robbery" were totally intertwined with one another. In fact, petitioner has consistently denied having knowledge of the victims being bound and moved by his co-defendant, as he was searching for valuables in another part of the house while the "kidnapping" took place. Trial counsel never challenged the court's findings in this regard. Had he done so, it is likely that the court would have not sentencing petitioner to more than 140 months. At the very least, trial counsel would have preserved the issue for appeal. The consecutive sentences were challenged on this ground upon direct appeal, but the convictions were affirmed without opinion. As likely as not, the failure to petitioner's appeal was due to the fact error was not preserved below by trial counsel.

   Trial counsel also failed to argue that the imposition of consecutive sentences under ORS 137.123(4) and (5) was per se unconstitutional. Pursuant to the United States Supreme Court decisions in *Apprendi v. New Jersey* and *Blakely v. Washington*, it is clear that a sentencing court may not impose an "enhanced sentence" predicated on a finding of fact (other than prior convictions) unless that fact is pled in the charging instrument and found beyond a reasonable doubt by the jury or admitted by the defendant. And with its decision in *State v. Dilts*, 337 Or 645, 603 P3d 95 (2004), the Oregon Supreme Court has recognized that the above-mentioned constitutional rule of law laid down in *Apprendi* and *Blakely* is specifically applicable to Oregon sentences.

Resp. Exh. 144 at 10-11.

  Respondent argues that habeas relief is not warranted because (1) the Supreme Court has not decided what standard, if any,

8 - AMENDED OPINION AND ORDER

applies to a claim of ineffective assistance of counsel in non-capital sentencing proceedings; (2) counsel was not deficient because he argued against consecutive sentencing; and (3) petitioner was not prejudiced because his sentence complied with Oregon law.

Assuming that Strickland applies in the sentencing context,[1] petitioner has failed to prove that counsel performed deficiently in failing to object to the imposition of consecutive sentences for kidnapping. First, as noted above, defense counsel did submit a petition for leniency seeking concurrent sentencing. Counsel characterized petitioner involvement in the kidnapping as minor, explaining that petitioner was in another part of the house when Derschon bound and moved the victims.

Second, petitioner offers no authority to support his contention that an objection to the lack of *specific* factual findings to support consecutive sentences under O.R.S. 137.123(5), would have been successful. See State v. Racicot, 106 Or. App. 557, 560-61, 809 P.2d 726 (1991) (holding that O.R.S. 137.123 does *not* require court to make special findings of fact when imposing consecutive sentences). Petitioner similarly has failed to demonstrate that an objection to his consecutive sentences would

---

[1] But see Davis v. Grigas, 443 F.3d 1155, 1158 (9th Cir. 2006), and Cooper-Smith v. Palmateer, 397 F.3d 1236, 1244 (9th Cir. 2005), noting that Strickland is not well established federal law in the non-capital sentencing context.

9 - AMENDED OPINION AND ORDER

have been successful given the fact that (1) he pled guilty to aiding and abetting his co-defendant who bound the victims' wrists with duct tape and moved them to the bathroom; and (2) evidence existed to support the conclusion that petitioner provided the duct tape used to bind the victims.  Resp. Exh. 103 at 3; Resp. Exh. 139 at 3; see also Resp. Exh. 129 at 39, 193-94 & 203.

In short, the state court record supports the trial judge's conclusion that the robbery and kidnapping convictions were not merely incidental violations of separate statutory provisions, but rather indicated petitioner's willingness to commit more than one criminal offense.  Consequently, trial counsel's performance was not deficient, and the state courts' rejection of petitioner's ineffective assistance of counsel claim is neither contrary to, nor an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d).

## CONCLUSION

Based on the foregoing, petitioner's petition for writ of habeas corpus (#1) is DENIED, and this proceeding is DISMISSED, with prejudice.

///
///
///
///
///

10 - AMENDED OPINION AND ORDER

In the event petitioner appeals from this decision, it is ordered that a certificate of appealability is DENIED due to petitioner's failure to make a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this   18th   day of May, 2011.

                                       /s/ Garr M. King  
                                       Garr M. King  
                                       United States District Judge